UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL MCALLISTER,

                              Plaintiff,      **COMPLAINT**

     -against-

THE CITY OF NEW YORK, SERGEANT SEAN
WALSH (tax # 927656), POLICE OFFICER JOEL      Jury Trial Demanded
PRECIO (tax # 946131), POLICE OFFICERS JOHN
DOES 1-5,

                             Defendants.

------------------------------------------------------------------------ x

        Plaintiff Michael McAllister, by his attorney Richard Cardinale, alleges as follows:

## PRELIMINARY STATEMENT

        1.     This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers of the 94th Precinct violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting him and using unreasonable force on him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5.  Plaintiff is a resident of the State of New York, County of Kings.

6.  The City of New York is a municipal corporation organized under the laws of the State of New York.

7.  The individual defendants, Sean Walsh and Joel Precio, are members of the New York City Police Department ("NYPD").  Walsh and Precio acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  Walsh and Precio are sued in their individual capacities.

## STATEMENT OF FACTS

8.  On April 14, 2014, at approximately 5:30 p.m., plaintiff was walking with his friend Joseph Dowdle on Manhattan Avenue in the Greenpoint section of Brooklyn.

9.  When plaintiff and Dowdle were approaching the corner of Manhattan Avenue and Calyer Street, Sergeant Sean Walsh, Officer Joel Precio and other officers of the 94th Precinct stopped plaintiff and Dowdle.

10. Prior to, and at the time that plaintiff was stopped, plaintiff was not engaged in any behavior that would have led a reasonable officer to conclude that plaintiff was engaged in unlawful activity.

11. Although plaintiff did not threaten the defendants in any way, Sergeant Walsh, acting in concert with the other defendants, brought plaintiff to the ground in a violent manner, handcuffed plaintiff, and punched plaintiff twice in the face while he was handcuffed, causing, among other things, a significant laceration to plaintiff's face that required stitches.

12. Officer Precio and the other defendants observed Sergeant Walsh punch plaintiff twice in the face while handcuffed, they had a reasonable opportunity to prevent this assault, but they failed to intervene.

13. The defendants arrested plaintiff and Dowdle and took them to the 94th Precinct.

14. Although plaintiff was not in possession of anything illegal, Sergeant Walsh, Officer Precio, and the other defendants, acting in concert, charged plaintiff with criminal possession of a controlled substance and criminal possession of a weapon, specifically an illegal knife.

15. While plaintiff was in custody, he was taken by ambulance to Woodhull Hospital for medical treatment, which included sutures and a tetanus vaccine.

16. Plaintiff was subsequently taken to Brooklyn Central Booking.

17. While plaintiff was in custody, Officer Precio, with the approval of Sergeant Walsh and the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff had committed the offenses criminal possession of a controlled substance and criminal possession of a weapon.

18. On April 15, 2014, Assistant District Attorney Vanita Anderson, with the approval of her office, declined to prosecute plaintiff and ordered his release at approximately 11:00 a.m.

19. As a result of the defendants' actions, plaintiff suffered pain and physical injuries, including bruising and a significant laceration, medical and ambulance expenses, a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, and humiliation.

20. Plaintiff filed a complaint with the Civilian Complaint Review Board, which substantiated plaintiff's allegations that Sergeant Walsh improperly stopped and seized plaintiff and Dowdle and used excessive force upon plaintiff.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

21. Plaintiff repeats the foregoing allegations.

22. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement and plaintiff's confinement was not privileged.

23. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him.

## SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

24. Plaintiff repeats the foregoing allegations.

25. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff to suffer pain and injuries.

26. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

### THIRD CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

27. Plaintiff repeats the foregoing allegations.

28. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth Amendment, but they failed to fulfill their constitutional obligation to intervene.

29. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for failing to intervene to prevent the violation of plaintiff's rights under that amendment.

### FOURTH CLAIM

### (*MONELL* CLAIM)

(Against the City of New York)

30. Plaintiff repeats the foregoing allegations.

31. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

32. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

33. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained. In fact, Sergeant Walsh was sued for civil rights

violations in 2010 in *Tamahl Rahman v. City of New York, et al.*, 10 CV 5253 (E.D.N.Y.) which the City of New York, after recognizing that the lawsuit had substance, settled in 2011.

    34. Despite having the above knowledge, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants and other officers and failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

    35. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

    WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: June 5, 2015

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391